IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SLEP-TONE ENTERTAINMENT
CORPORATION,

        Plaintiff,

   v.

SHEA FAMILY CORP., d/b/a HAVANA
WEST,

        Defendant.

No. 6:13-cv-862-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

    Plaintiff brings this action alleging trademark infringement, unfair competition, and common law passing off against Havana West, a restaurant and bar that provided karaoke entertainment. Defendant contends that it never owned any karaoke equipment and that it hired an independent contractor to conduct a karaoke show at Havana West two nights a week.

    As the court has previously noted, it appears that there is no dispute that the purportedly infringing tracks were owned and

1     - FINDINGS & RECOMMENDATION

presented by a karaoke jockey hired by defendant rather than owned by defendant itself and that defendant did not induce the infringement or had any knowledge of the infringement. When plaintiff twice sought to add a manager employee of Havana West, the court found insufficient allegations to plausibly demonstrate contributory infringement via her hiring of the karaoke jockey. Plaintiff now seeks to have this case dismissed with prejudice, but without costs or fees. Defendant opposes arguing it is entitled to fees and costs.

Defendant did not affirmatively plead for attorney's fees in its answer. Nonetheless, the Lanham Act provides that the court, in exceptional cases, may award reasonable attorney fees to the prevailing party. 15 U.S.C. § 1117(a). Under Fed. R. civ. P. 54(c), "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This rule, therefore, may justify an award of attorneys' fees to a prevailing party who failed to plead for such an award. See Engel v. Teleprompter Corp., 732 F.2d 1238, 1241 (5th Cir. 1984). However, a party's failure to seek a form of permissible relief in his pleadings may operate to the prejudice of the opposing party when that relief is finally sought at a much later stage of the proceedings. Id. at 1242. Denial of relief under such circumstances would be appropriate. Id. (citing International

2    - FINDINGS & RECOMMENDATION

Harvester Credit Corp. v. East Coast Truck, 547 F.2d 888, 891 (5th Cir.1977); Sapp v. Renfroe, 511 F.2d 172, 176 n. 3 (5th Cir. 1975).

In this case, while the court is sympathetic to the plight of defendant in incurring substantial fees litigating this matter, the issue was not raised until plaintiff sought dismissal of its own complaint with prejudice.[1] Moreover, while the issue has not been properly briefed by the parties as it has not been raised via a separate motion, it appears that the circumstances of this case would not justify an award of fees.

As noted above, an award of fees may be made in exceptional cases to the prevailing party. 15 U.S.C. § 1117(a). An action may be considered exceptional "[w]hen a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." Stephen W. Boney, Inc. v. Boney Servs., 127 F.3d 821, 827 (9th Cir. 1997) (internal citation and quotation marks omitted).

It is difficult to distinguish exceptional cases from non-exceptional cases, and it is especially difficult where the defendant prevails due to plaintiff's failure of proof. An action may be exceptional under the Lanham Act if the plaintiff has no reasonable or legal basis to believe in success on the merits. See Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th Cir. 2002)

---

[1] It is not clear if the parties raised the issue amongst themselves, however. Plaintiff's reply brief does note that when it offered to engage in settlement talks with defendant's counsel, it was met with refusals and demands for payment to defendant. Reply (#72) at p. 2.

3      - FINDINGS & RECOMMENDATION

("The false advertisement claim was groundless and unreasonable because the statements in the advertisements at issue were true and [plaintiff] had no reasonable basis to believe they were false."); id. ("the dilution of trademark claim was groundless and unreasonable because it had no legal basis"). In other words, exceptional cases include instances where plaintiff's case is frivolous or completely lacking in merit.

Defendant contends that plaintiff's suit is vexatious because it pursued a claim against a failed business that had no responsibility for the conduct of a contractor. Defendant also paints plaintiff as a frequent filer of such actions across the country. Moreover, defendant contends that plaintiff pursues these actions as a form of intimidation to procure payment for its products or settlements.

Of course the merits of this case have not been litigated. While it may very well be true that the karaoke jockey acted independently and that defendant had no knowledge of any infringing activity, the complaint alleges "defendant was observed on at least one occasion within a year of initially bringing this action of repeatedly displaying the Sound Choice marks without right or license." Complaint (#1) at ¶ 78. Thus, there appears to have at least been a good faith basis for initiating this action.

The court is concerned that through discovery plaintiff may have determined that defendant would be unable to pay any judgment

4     - FINDINGS & RECOMMENDATION

obtained and then sought to add an individual defendant to increase chances of recovery, even after discovery into the issue of an independent karaoke jockey had been conducted. But it cannot be said that attempts to build a case for contributory infringement via an attempt to demonstrate knowledge of the jockey's use of infringing tracks is necessarily vexatious or represents pursuit of a groundless claim.[2] At a minimum, it may have led to development of a case against the jockey individually in which case plaintiff would agree to drop its case against defendant. And, now, defendant is seeking to drop the case against defendant. While the court may not agree with plaintiff's tactics in selecting low to no-profit establishments for investigation and then making demands to either buy its product, pay a $10,000 settlement or face litigation with potentially millions of dollars at stake, it cannot, unfortunately, find such action "exceptional."[3]

---

[2] As the court has repeatedly noted, a person who directs, controls, supervises or participates in trademark infringing activity can be held personally liable for the infringement whether or not she was acting on behalf of a corporation. See Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985) (The actor is personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf). Liability can be based on intentionally inducing another to infringe a trademark or on continuing to supply a product with knowledge that the buyer is engaging in trademark infringement. Inwood Labs v. Ives Labs, Inc., 456 U.S. 844, 854 (1982).

[3] However, if such tactics continue in future cases alleging trademark infringement on the part of establishments engaging independent karaoke jockeys, an award of fees to a prevailing defendant could be justified.

Accordingly, the motion to dismiss with prejudice should be granted without payment of fees by either party. If defendant has incurred any costs, upon dismissal, the court should award costs and therefore the motion should be denied to that extent.[4]

## CONCLUSION

For the reasons stated above, plaintiff's motion to dismiss with prejudice (#70) should be granted to the extent noted above.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo

---

[4] It is unclear if plaintiff will seek to withdraw its motion if granting it will result in an award of costs to defendant. Nonetheless, a voluntary dismissal with prejudice results in conferring prevailing party status on defendant. See, e.g., Riviera Distribs., Inc. v. Jones, 517 F.3d 926, 928 (7th Cir. 2008) (holding voluntary dismissal with prejudice of copyright claims confers prevailing party status on defendants). A prevailing party is entitled to costs. Fed. R. Civ. P. 54(d).

6     - FINDINGS & RECOMMENDATION

consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this  21  day of May, 2014.

THOMAS M. COFFIN
United States Magistrate Judge

7    - FINDINGS & RECOMMENDATION